CüRia, per
Nott, J.
By the decree of the Chancellor the two following points appear'to have been decided in this case.
1st. That Mrs Smith, the executrix of T. Smith, was a trustee under his will for the purpose of carrying into execution a former unexecuted will which he had made.
That although no trust was actually expressed, yet there was a secret confidence reposed which subjected her to the liabilities of a trustee.
2d. That being such trustee, she could not defeat the interest of the cestui que trust, by disposing of the property, except to a bona fide purchaser for a valuable consideration, without notice. And that as Peter Smith was a mere volunteer the property contained in the deed to him was subject to the claim of the plaintiff. The decree therefore proceeds to subject the real and personal estate of Mrs Smith to the payment of the plaintiff’s demand, and if that should prove insufficient, then the property of Thomas Smith which has been conveyed to Peter Smith is made liable also. The first part of the decree has been affirmed by the unanimous opinion of the former Court of Appeals in Equity. That Court expressed no opinion on the other part, and it now remains to be decided whether that part of the decree shall be affirmed or reversed. In considering this question we must first ascertain what has been decided by *130 the former Court of Appeals; for so far as the case has f}een decided by that Court the decision must be obligatory on this, and' we must so dispose of the remaining questions connected with the decision, as to render the decree consistent with itself. The late Court of Appeals have not left us the reasons on which they supported the decree of the Chancellor. We ought therefore perhaps prima facie to presume, that they have adopted the reasons of the Court below. But as it does not follow that a concurrence of opinion necessarily admits a concurrence in the reasons on whicli that opinion is founded, it becomes necessary to go into an examination of the question. And if we find that the grounds on which the decree of the Circuit Court is founded do authorize the decree of the Court of Appeals, and can see no other grounds on which it can be supported, then it strengthens the presumption that the Judges of the Court of Appeals adopted the reasons there assumed as the grounds of their decision. On the contrary, if we find that those reasons will not support the decision, but see' others on which it can be, supported, then we ought to adopt those as the grounds of our decision and shape our decree accordingly.
All must bef¡nUSt writing except such as arise by con-la™etIThef trust need not writing if it can be proved
The first question is whether there is sufficient evi-of a trust to support the decree on that ground1? The objection to that part of the case is, that under the statute of frauds all declarations of trust must be in . . . . writing except such as arise by construction ol law, and ^ere was no such declaration in this case. But it is not considered necessary that the trust should be constituted by writing, it is sufficient to shew its existence by yyyRtgn evidence. Randal v. Morgan, 12 Ves. 67. And for' that purpose a letter of the trustee acknowledging the trust has been held sufficient. Crook v. Brooking, 2 Vern. 50. So an acknowledgment of a trust, though not in writing, will bind the party. Thynn v. Thynn, 1 *131 Vera. 296. 2 Vera. 288. Foster v. Hale, 3 Ves. 696. 5 Ves. 315. Indeed there is no principle better settled than that a voluntary acknowledgment will dispense with written proof. In the case of Strickland v. Aldridge, 9 Ves. 516, the Lord Chancellor went so far as to compel the defendant, to whom property had been devised absolutely, to discover whether the devise had not been coupled with a secret parol trust that he would hold the property for a particular purpose not expressed in the will. And in that case he said, “ if a father devises to hi's youngest son, who promises if the estate is devised to him he will pay £10,000 to the eldest son, this would compel the former to disclose whether that passed in parol, and if he acknowledged it, even praying the benefit of the statute, he would be a trustee to the amount of the £10,000. Now here is an express and voluntary acknowledgment of Mrs Smith that she is indebted to the complainant’s intestate £1,000, as a legacy left him by his grand father. It is not a debt created by her promise ; but it is an acknowledgment of a preexisting debt. If she was indebted to complainant’s intestate to that amount, it must have been on the ground of a secret confidence reposed in her by her husband, which she had promised to perform. For without such promise no such debt could ever have existed.
But a voment will dis-wvitteiTpvoof.
Equity has compelled the mentTf a^fa-tn?sti statute of reu¿fdon?S
It is not to be sure a declaration in so many words that she was a trustee; but it is án acknowledgment of facts which admit of no other conclusion. For if she was indebted to him a' legacy left him/by his grand father, then she was a trustee for the purpose of carrying that will into effect. All the parties regarded her as such, and the whole course of her administration goes to establish the fact. She paid every legacy contained in that will except the one due the complainant’s intestate. Peter Smith must have considered her as such; for he received the legacy to which he and his family were *132 entitled to. He was a witness to the contract in which jjis mother acknowledged the existence of this debt; and as her executor suffered a judgment against himself for the amount. It is from this view of the subject that this Court now presumes the Court of Appeals supported the decree of the Circuit Court, and they can see no other upon which it can be supported. And if that is the ground it seems to follow as a necessary consequence that complainants have a right to follow the property of Thomas Smith in the hands of Peter Smith and his heirs, provided the estate of Mrs Smith should prove inadequate. For no principle of equity is better settled, than that a trustee cannot dispose of a trust estate to the prejudice of the cestui que trust, unless it be to a oona purchaser for a valuable consideration, having no knowledge of the trust. 2 Fonb. 166. Taylor v. James, 4 Desaus. Rep. 1. It is admitted that the deed to Peter Smith was voluntary, and there is abundant reason to J . that he had full knowledge of the trust. It is said in the dissenting opinions of two of the chancellors, that «the promise of Mrs Smith is binding on her, and that the acknowledgment that there was due to the complainants the sum mentioned has the effect merely of shewing the consideration of the promise, but gives no claim against Mr Smith’s estate.” But it must be observed, that the consideration for the promise was a legacy left him by his grand father. Now, Mrs Smith must have been liable to .pay that legacy as a trustee, or not at all. If not as a trustee, then there was no consideration for the promise even to bind her own estate. It was a mere nudum pactum, which could not be enforced either in law or equity. Peter Smith could not have viewed it in that light, or he would not have suffered judgment to go against him. The Court of Appeals could not have considered it as such, or they would not have •made the property liable for it. It is true that Mrs Smith *133 could not, by any contract which she could enter into, make the property of Peter Smith liable to pay her debts. But on the other hand she could not exempt the property of Thomas Smith from paying a legacy which she justly owed the complainants by a voluntary conveyance. The property of Thomas Smith is therefore still liable, though conveyed to Peter Smith. Where a person makes a voluntary deed to another having a knowledge of the trust, it is conveyed subject to that trust. Shepherd v. N'Evers et al. 4 Johns. Cha. Rep. 138. So where a person dies indebted, having made a voluntary deed, the property shall still be considered a part pf his estate. 2 Ves. 10. 3 Johns. Cha. Rep. 438. Threewitz v. Threewitz, 4 Desaus. Rep. 560. So that although the promise by Mrs Smith to pay the legacy to complainant was subsequent to the voluntary deed to Smith, yet it was nothing more than the recognition of an antecedent debt. If therefore Mrs Smith was liable at all (and the Judges of the late Equity Court of Appeals have unanimously declared that she was) it must have been upon the ground of trust. We are bound, therefore, in order to observe consistency to affirm'the decree of the Circuit Court.
A trustee can not dispose to the prejudice of the trust,unless purchaser/^6 without notice; and it otherwise may biffoV
Where a person was indebted having made a voluntary deed, the property shall still be considered a part of his estate.
Decree affirmed(1).

 Vide post, the case of Edmunds and wife v. Crenshaw and M’Morris.